UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION



Michael Harold Courson, Plaintiff, Pro Se
v.
Selene Finance LP; SN Servicing Corp.; U.S. Bank Trust, N.A.; Wells Fargo Bank, N.A.; and DOES 1–20, Defendants.

**COMPLAINT AND JURY DEMAND**

1. Plaintiff brings this action arising from a decade-long pattern of mortgage servicing misconduct, violations of the Real Estate Settlement Procedures Act ("RESPA"), breach of an active loan modification, unlawful fee assessment, and unfair and deceptive trade practices under North Carolina law concerning Plaintiff's primary residence in Roxboro, Person County, North Carolina.

**I. JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 12 U.S.C. § 2605.

3. This Court has supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b).

**II. PARTIES**

5. Plaintiff Michael Harold Courson is the lawful owner and occupant of the property inherited from his mother in 2016 through a duly probated will.

6. Defendant Wells Fargo Bank, N.A. was the original mortgage holder and servicer.

7. Defendant U.S. Bank Trust, N.A. acquired the loan from Wells Fargo and is the owner or trustee beneficiary.

8. Defendant SN Servicing Corp. serviced the loan for U.S. Bank Trust.

9. Defendant Selene Finance LP is the current servicer.

10. Does 1–20 are unknown agents and foreclosure actors.

**III. FACTUAL ALLEGATIONS**

11. At the time Plaintiff inherited the property, the mortgage loan was current and not in default.

12. Plaintiff provided Wells Fargo documentation of the probated will establishing ownership.

13. Wells Fargo refused to recognize Plaintiff as a successor in interest, asserting that a will did not prove ownership.

14. Wells Fargo refused to accept mortgage payments from Plaintiff.

15. Wells Fargo's refusal caused the loan to fall into default.

16. Wells Fargo initiated foreclosure proceedings on two occasions based on the default it created.

17. Plaintiff successfully defended and prevailed in both foreclosure actions.

18. Wells Fargo sold the loan to U.S. Bank Trust, N.A.

19. Defendant SN Servicing Corp. later serviced the loan and continued improper servicing practices.

20. SN Servicing's misconduct caused severe financial distress, forcing Plaintiff to file Chapter 13 bankruptcy in 2018.

21. SN Servicing's continued misconduct later caused Plaintiff to file a second Chapter 13 case in 2022.

22. Plaintiff entered into a trial loan modification agreement with SN Servicing Corp.

23. Plaintiff was current and performing under the modification, having completed approximately four of six trial payments.

24. While the modification was active and current, SN Servicing transferred servicing to Selene Finance LP.

25. After transfer, Selene Finance refused to accept payments and failed to honor or continue the active trial modification.

26. Plaintiff has been subjected to no fewer than six foreclosure actions over the life of the loan, all of which Plaintiff successfully defended and prevailed in.

27. Selene Finance is currently threatening and noticing foreclosure activity.

28. At the time Plaintiff filed his first Chapter 13 bankruptcy, the loan balance was approximately $71,000.

29. Between Plaintiff's two Chapter 13 cases and the loan modification, Plaintiff paid approximately $60,000 toward the loan.

30. When servicing transferred to Selene Finance, the loan balance reflected was approximately $43,000.

31. Selene Finance now claims Plaintiff owes approximately $74,000, reflecting more than $30,000 in fees assessed while payments were refused.

32. Plaintiff disputes the validity and lawfulness of these fees.

33. Plaintiff submitted a Qualified Written Request ("QWR") pursuant to 12 U.S.C. § 2605 to Defendant SN Servicing Corp. by certified mail.

34. SN Servicing Corp. responded and provided the information requested.

35. Plaintiff submitted a QWR to Defendant Selene Finance LP by certified mail.

36. Selene Finance refused to provide the requested information, asserting Plaintiff was not authorized to receive it.

## IV. CLAIMS FOR RELIEF

### COUNT I – RESPA (12 U.S.C. § 2605)

37. Defendants failed to properly service the loan, recognize successor status, accept payments, continue loss mitigation, respond to QWRs, and correct account errors.

### COUNT II – BREACH OF CONTRACT

38. Defendants breached the active loan modification.

### COUNT III – UNFAIR AND DECEPTIVE TRADE PRACTICES

39. Defendants engaged in unfair and deceptive acts affecting commerce under N.C. Gen. Stat. § 75-1.1.

### COUNT IV – DECLARATORY AND INJUNCTIVE RELIEF

40. An actual controversy exists warranting declaratory and injunctive relief.

## V. DAMAGES

41. Plaintiff seeks actual damages, statutory damages, treble damages, costs, interest, and equitable relief.

## VI. JURY DEMAND

42. Plaintiff demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

43. WHEREFORE, Plaintiff respectfully requests judgment in his favor and all appropriate relief.

Respectfully submitted,
Michael Harold Courson, Pro Se
369 Megan Run
Roxboro, NC 27574
(336) 598-2937

*/s/ Michael B. C.*

**CIVIL COVER SHEET (JS-44)**

Plaintiff: Michael Harold Courson

County of Residence: Person County, North Carolina

Defendants: Selene Finance; Wells Fargo

Basis of Jurisdiction: Federal Question (RESPA, 12 U.S.C. § 2605)

Nature of Suit: 999 – Other Federal Statute

Jury Demand: Yes

Requested Relief: Monetary, Declaratory, and Injunctive Relief