IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL HAROLD COURSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-CV-185 |
| | ) | |
| SELENE FINANCE, LP, SN | ) | |
| SERVICING CORP., U.S. BANK | ) | |
| TRUST, N.A., and WELLS FARGO | ) | |
| BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Catherine C. Eagles, Chief District Judge.

In his complaint, Michael Courson asserts multiple claims against the defendants

arising out of the way the defendants handled a mortgage loan.  One of the defendants,

SN Servicing Corporation, moves to dismiss the claims against it for failure to state a

claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

Because Mr. Courson's claims are barred by the statute of limitations or otherwise

unsupported by sufficient allegations of fact, the motion to dismiss will be granted.

## I. Facts Alleged in the Complaint

For purposes of this motion, the Court accepts the allegations in the complaint as

true.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In 2016, Mr. Courson inherited property in Roxboro, North Carolina through a

duly probated will.  *See* Doc. 1 at ¶¶ 1, 5.  This property secured a mortgage loan that

Wells Fargo held and serviced.  *Id.* at ¶ 6.  The mortgage loan was current when Mr.

Courson inherited the property. *Id.* at ¶ 11. After the inheritance, Wells Fargo refused to recognize Mr. Courson as a successor in interest, declined to accept mortgage payments from him, and told him that a will did not prove ownership. *Id.* at ¶¶ 13–14. Wells Fargo unsuccessfully initiated two foreclosure proceedings, before it transferred the loan to U.S. Bank. *See id.* at ¶¶ 14–18.

SN serviced the loan on behalf of U.S. Bank and "continued improper servicing practices." *Id.* at ¶ 19. Without providing further details, Mr. Courson alleges that SN's misconduct caused him severe financial distress and forced him to file bankruptcy petitions in 2018 and 2022. *Id.* at ¶¶ 19–21. At some point, Mr. Courson and SN entered into a trial loan modification agreement. *Id.* at ¶ 22. Mr. Courson made "approximately four of the six trial payments" and was "current and performing under the modification." *Id.* at ¶ 23. The modification was still active and current when, on an unspecified date, SN transferred the loan to defendant Selene Finance LP. *Id.* at ¶ 24. After the transfer, Selene Finance refused to accept payments, failed to continue the trial modification, initiated foreclosure activity, and claimed additional fees. *Id.* at ¶¶ 25, 27, 31.

Mr. Courson sent Qualified Written Requests to both SN and Selene Finance. *Id.* at ¶¶ 33, 35. SN responded and provided the information requested, *id.* at ¶ 34, but Selene Finance refused. *Id.* at ¶ 36.

Mr. Courson asserts four claims against the defendants: (1) violations of the Real Estate Settlement and Procedures Act under 12 U.S.C. § 2605; (2) breach of contract under North Carolina common law; (3) unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1; and (4) declaratory and injunctive relief. *See* Doc. 1 at ¶¶ 37–40.

## II. Discussion

### A.      Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Legal conclusions "must be supported by factual allegations" that amount to more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* at 678–79. A plaintiff is not required to prove his case in the complaint, *see, e.g.*, *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012); *Scott v. City of Durham*, No. 20-CV-558, 2021 WL 3856168, at *2 (M.D.N.C. Aug. 27, 2021), but the complaint's allegations should "allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (cleaned up).

*Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (cleaned up). For example, courts may consider additional documents submitted by a *pro se* plaintiff in connection with a motion to dismiss. *See Holley v. Combs*, 134 F.4th 142, 144 (4th Cir. 2025).

But the liberal construction afforded to a *pro se* plaintiff's pleading does not require district courts to ignore clear defects in pleading, *Bustos v. Chamberlain*, No. 09-CV-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented to them." *Folkes v. Nelsen*, 34 F.4th 258, 269 (4th Cir. 2022) (cleaned up). Nor does it require that the court become an advocate for the unrepresented

3

party.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see Lindemann-Moses v. Jackmon*, 644 F. Supp. 3d 163, 170 (M.D.N.C. 2022).  It is not the role or responsibility of the court to undertake the legal research needed to support or rebut a perfunctory argument.  *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that the district court is not expected to assume the role of advocate for a *pro se* litigant); *see also King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016).

**B.  RESPA**

The Real Estate Settlement and Procedures Act requires lenders to follow certain practices and procedures in the settlement of a "federally related mortgage loan." *Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 318 (M.D.N.C. 2002); *see* 12 U.S.C. §§ 2601–2617.  Among other things, RESPA generally requires loan servicers to respond to Qualified Written Requests[1] within 30 days of receipt.  *See* § 2605(e).

To state a RESPA claim, a plaintiff must allege "(1) a failure to comply with a RESPA obligation and (2) actual damages sustained as a result of the failure to comply."  *Houck v. NewRez LLC*, No. 24-CV-1519, 2025 WL 987455, at *4 (D. Md. Apr. 2, 2025) (cleaned up).  RESPA claims under § 2605 are subject to a three-year statute of limitations "from the date of the occurrence of the violation."  § 2614.

SN contends that any alleged RESPA violations that occurred before February 24, 2023, should be dismissed on statute of limitations grounds.  *See* Doc. 9 at 9.  The statute of limitations is an affirmative defense that a defendant can raise in a Rule 12(b)(6)

---

[1] Mr. Courson and SN refer to these as "QWRs."  *See, e.g.*, Doc. 1 at ¶ 35; Doc. 9 at 8.

motion "if the face of the complaint includes all necessary facts for the defense to prevail." *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850-51 (4th Cir. 2016) (cleaned up).

Mr. Courson filed this lawsuit on February 24, 2026, Doc. 1, so any alleged violation that occurred before February 24, 2023, is outside the limitations period.[2] Mr. Courson alleges that SN's "misconduct" caused him to file Chapter 13 bankruptcy petitions in 2018 and 2022. Doc. 1 at ¶¶ 20–21. That was well outside the statute of limitations, and claims based on that alleged misconduct will be dismissed.

There are no other acts or failures by SN alleged in the complaint that might possibly constitute a RESPA violation. While Mr. Courson alleges that "Defendants failed to . . . respond to QWRs," *id.* at ¶ 37, he does not identify the dates of such QWRs, and elsewhere he specifically alleges that SN responded to his QWR and provided the information he requested. *Id.* at ¶¶ 33–34. He does not allege that SN responded after the statutory deadline. *See* § 2605(e) (requiring loan servicers to acknowledge and respond to QWRs within 30 days). He alleges no other facts plausibly supporting a claim that SN violated RESPA within the statute of limitations.

The motion to dismiss the RESPA claim will be granted.

In opposition to the motion to dismiss, Mr. Courson has submitted a declaration in which he testifies that he submitted a QWR to SN in August 2025 and that SN "did not

---

[2] Although RESPA claims can be subject to equitable tolling, *see Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019), the plaintiff has not alleged facts that would entitle him to tolling nor has he asserted that it applies here.

provide the actual trial modification agreement requested." Doc. 13 at ¶¶ 14–15. He contends that this states a claim under RESPA. SN asserts that this declaration should not be considered, pointing to many district court cases holding that a plaintiff cannot amend his complaint in a brief, Doc. 15 at 2, and to the holding by United States Court of Appeals for the Fourth Circuit in *Kashdan v. George Mason University*, 70 F.4th 694, 700 (4th Cir. 2023), that in resolving a Rule 12(b)(6) motion courts can consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice," as well as "documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Doc. 15 at 5 (quoting *Kashdan*, 70 F.4th at 700). A declaration submitted long after the complaint is filed does not fall into any of those categories.

On the other hand, the Fourth Circuit recently indicated that for *pro se* plaintiffs, courts should sometimes adopt a more expansive view of what documents they can consider. In reversing a district court order dismissing a complaint for failure to state a claim, the Court of Appeals noted that it had considered the "documentation the plaintiff submitted in opposition to the motion to dismiss to be incorporated in his complaint." *Holley*, 134 F.4th at 144 (cleaned up). But the Fourth Circuit has not provided further guidance or direction on exactly what district courts must consider outside the four corners of a complaint and its attachments.

Here, Mr. Courson has not moved to amend his complaint, nor has he provided documentation of the QWR he sent to SN. The testimony in his declaration that SN "did not provide the actual trial modification requested," Doc. 13 at ¶ 15, directly contradicts

6

the allegation in the original complaint. *See* Doc. 1 at ¶ 34. Whether the Court should consider these newly asserted facts and whether those facts if considered would be sufficient to state a RESPA claim has not been fully developed in the briefing. Moreover, the preferable case management practice is to have one pleading that asserts the claims at issue, not scattered submissions across the docket that can lead to confusion and unfairness to defendants should the litigation move forward.

The better approach here is to grant the motion to dismiss, withhold entry of judgment, and give the plaintiff time to file a motion seeking leave to file an amended complaint. *See generally Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (noting discretionary nature of motions to amend and honoring district court's inherent authority to manage its docket).

That will be fairer to SN and less confusing to everyone involved, and it gives due consideration to the *pro se* status of Mr. Courson. It will also give Mr. Courson time to review his obligations under Federal Rule of Civil Procedure 11(b). Consistent with the Local Rules, *see* LR 15.1, any such motion must be accompanied by a proposed amended complaint.

### C. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege "(1) the existence of a valid contract and (2) breach of the terms of that contract." *Branch v. High Rock Realty, Inc.*, 151 N.C. App. 244, 250, 565 S.E.2d 248, 252 (2002) (cleaned up). Here, Mr. Courson alleges that he and SN entered into a loan modification agreement, Doc. 1 at ¶ 22, and that SN breached that agreement. *Id.* at ¶ 38. He does not allege what terms of

their agreement, if any, SN breached.  His conclusory assertions are unsupported by factual allegations, so they fail to state a claim.  *See Ashcroft*, 556 U.S. at 678 (holding that a plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

In his brief, Mr. Courson contends that SN breached the trial modification agreement by failing to ensure "continuity of payment processing or modification administration."  Doc. 12 at 3.  Even if the Court considers this contention as part of his complaint, *Holley*, 134 F.4th at 144, his allegations remain vague and insufficient to make this claim plausible.

The motion to dismiss will be granted as to this claim.

### D.      Unfair and Deceptive Trade Practices

"The elements of a claim for unfair or deceptive trade practices are (1) an unfair or deceptive act or practice or an unfair method of competition; (2) in or affecting commerce; (3) that proximately causes actual injury to the plaintiff or to his business." *RD & J Props. v. Lauralea-Dilton Enters., LLC*, 165 N.C. App. 737, 748, 600 S.E.2d 492, 500 (2004) (cleaned up).

In his complaint, Mr. Courson alleges that while servicing his mortgage, SN engaged in "improper servicing practices," Doc. 1 at ¶ 19, and that this "misconduct" forced him to file multiple bankruptcy petitions.  *Id.* at ¶¶ 20–21.  Even construed liberally and in the light most favorable to the plaintiff, Mr. Courson's allegations are vague and conclusory.  *See Ashcroft*, 556 U.S. at 679 (explaining that mere conclusory statements are not entitled to the presumption of truth).  In his declaration submitted in

8

response to the motion to dismiss, he alleges only that he "experienced repeated delays and requests for additional review" before an unidentified person or entity started foreclosure proceedings and before SN offered him a trial loan modification. Doc. 13 at ¶¶ 5–8. Even considering these additional assertions as if they were part of the complaint, he has not provided sufficient factual allegations to make this claim plausible.

The motion to dismiss will be granted as to this claim.

### E.    Declaratory and Injunctive Relief

Mr. Courson's complaint also asks for declaratory and injunctive relief, Doc. 1 at ¶ 40, and SN moves to dismiss. Doc. 8. "Injunctive relief is a remedy, not a cause of action." *Blankenship v. Consol. Coal Co.*, 850 F.3d 630, 640 (4th Cir. 2017). Likewise, "[a] request for a declaratory judgment is not technically a separate cause of action but rather is a remedy or form of relief." *Platt v. LeafFilter N., LLC*, No. 25-CV-332, 2026 WL 242136, at *1 (M.D.N.C. Jan. 29, 2026). Since Mr. Courson has not stated any substantive claims, the requests for declaratory and injunctive relief are moot.

## III.    Conclusion

Mr. Courson's RESPA claims arising before February 24, 2023, are time-barred by the statute of limitations. He has not alleged sufficient facts to make any other claims plausible. While a plaintiff is not required to prove his case in the complaint and a complaint need not contain every tiny detail, his claims must be supported by more than unadorned conclusions and vague assertions of delays, unfairness, and failures. The defendant's motion to dismiss will be granted.

9

In view of the assertions set forth in Mr. Courson's brief and declaration, if he believes that there are additional facts that would support a cause of action against SN and if he satisfies Rule 11(b) of the Rules of Civil Procedure, he may file a motion for leave to amend as to the claims that are not time-barred.

It is **ORDERED** that:

1.  SN Servicing Corporation's motion to dismiss, Doc. 8, is **GRANTED**.

2.  No later than 21 days from the entry of this order, Mr. Courson may file a motion for leave to file an amended complaint.  The motion must be accompanied by:

    a.  A proposed amended complaint that does not include any time-barred RESPA claims against SN, that provides dates for the alleged events, and that otherwise corrects the defects identified in this order; and

    b.  A brief in support setting forth, at a minimum, the elements of each cause of action asserted and how the factual allegations in the complaint make each claim plausible.

3.  In the absence of a timely motion for leave to amend that complies with this Order, judgment will be entered in favor of the defendant SN Servicing Corporation without further notice.

This the 26th day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE

10